UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRIAN JONES,

                Petitioner,

v.                                                   Case Number 09-11107-BC
                                                   Honorable Thomas L. Ludington

CAROL HOWES,

                Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO STAY, GRANTING RESPONDENT'S MOTION TO DISMISS, DENYING AND DISMISSING HABEAS PETITION WITH PREJUDICE, AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Brian Howes is presently confined at Chippewa Correctional Facility in Kincheloe, Michigan, and filed a pro se application for a writ of habeas corpus pursuant to 28 U.S.C. §2254, signed and dated March 18, 2009. On October 14, 1996, Petitioner entered a no-contest plea on charges of assault with intent to commit murder, Mich. Comp. Laws §750.83; armed robbery, Mich. Comp. Laws §750.529; and felony firearm, Mich. Comp. Laws §750.227b. On October 31, 1996, Petitioner was sentenced to concurrent terms of twenty to forty years imprisonment on both the assault with intent to commit murder and armed robbery convictions and a two year consecutive term of imprisonment for the felony firearm conviction. Petitioner did not file a direct appeal.

Petitioner raises two issues in his habeas petition, including whether the time period for filing his petition should be equitably tolled, and whether he received ineffective assistance of appellate counsel when his attorney did not file his direct appeal.[1] On August 24, 2005, just under nine years

---

[1] Although Petitioner makes assertions regarding whether statements he made to law enforcement officers should have been suppressed as involuntary and coerced, Petitioner has not presented a claim related

after he was sentenced, Petitioner filed a motion for relief from judgment in the trial court, which was denied on July 11, 2006. *People v. Jones*, No. 96-3233 (Mich. Cir. Ct. July 11, 2006). The court found that Petitioner did not demonstrate actual prejudice resulting from appellate counsel's deficient performance because Petitioner could have filed a delayed appeal within twelve months of sentencing. *Id.* The court also found that Petitioner did not demonstrate that his no-contest plea was not knowingly, voluntarily, and intelligently made on the record, and that there were no reversible sentencing errors. *Id.*

Petitioner was denied leave to appeal the trial court's decision by the Michigan Court of Appeals, *People v. Jones*, No. 274553 (Mich. Ct. App. June 18, 2007), and the Michigan Supreme Court, *People v. Jones*, 742 N.W.2d 373 (Mich. Dec. 28, 2007). The Michigan Supreme Court denied Petitioner's motion for reconsideration. *People v. Jones*, 744 N.W.2d 133 (Mich. Feb. 19, 2008). On June 9, 2008, the U.S. Supreme Court denied Petitioner's petition for writ of certiorari, which Petitioner had filed on March 17, 2008.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year period of limitations for habeas petitions filed by state prisoners. 28 U.S.C. § 2244(d). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and

---

to his assertions for habeas review.

maderetroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

As a threshold issue, Petitioner filed a motion to stay [Dkt. # 3], requesting a stay of these proceedings pending the determination of his state court motion filed pursuant to Michigan Court Rule 6.428. In his motion, Petitioner requested the re-issuance of judgment so that his right to appeal may be restored. Generally, federal district courts are authorized to stay fully exhausted federal habeas claims pending the exhaustion of other claims. *Rhines v. Weber*, 544 U.S. 269 (2005). However, on August 5, 2009, the trial court returned Petitioner's motion, along with a cover letter stating that the court construed the request for re-issuance of a judgment as a motion for relief from judgment. Since Petitioner previously filed a motion for relief from judgment, the pleading was rejected pursuant to Michigan Court Rule 6.502(G), which provides that a party is not entitled to file a second motion for relief from judgment. Thus, Petitioner's request for a stay of proceedings in this Court is now moot, and will be denied as such.

Respondent's motion to dismiss [Dkt. # 5] is also before the Court, wherein Respondent seeks dismissal of the habeas petition because, inter alia, Petitioner did not file it within the applicable period of limitations. Petitioner did not file a response to Respondent's motion, but rather filed a brief addressing the statute of limitation arguments raised by Respondent. For the reasons stated below, the Court will grant Respondent's motion to dismiss and deny the habeas petition.

Since Petitioner did not file a direct appeal, his time for seeking leave to appeal expired one year after the judgment of sentence was entered on October 31, 1997. *See* Mich. Ct. R. 7.205(F). Petitioner did not file an application for leave to appeal, therefore, his conviction became final under

§ 2244(d)(1)(A) on November 1, 1997. *See Brown v. McKee*, 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002). The statute of limitations began to run on the following day, and it expired one year later on November 1, 1998. Petitioner filed the pending petition on March 18, 2009, approximately ten years and four months later. Thus, the petition is untimely absent statutory or equitable tolling.

"[T]he one-year limitation period is tolled for the 'time during which a properly filed application for State or other collateral review with respect to the pertinent judgment or claim is pending,' " but it does not restart the statute of limitations period after the limitations period has expired. *Ege v. Yukins*, 485 F.3d 364, 371-72 (6th Cir. 2007) (quoting 28 U.S.C. § 2244(d)(2)); *Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002). Such a post-judgment filing only pauses a clock that has not yet fully run. *Benoit v. Bock*, 237 F. Supp. 2d 804, 807 (E.D. Mich. 2003). Once the limitations period has expired, collateral petitions no longer serve to avoid the statute of limitations.

Accordingly, the question, according to Petitioner is whether his motion for relief from judgment filed before the statutory period expired, tolled the statute of limitations. Petitioner filed his post-conviction motion for relief from judgment on August 24, 2005. Since the limitations period expired on November 1, 1998, the post-conviction motion had no affect on the limitations period; and the habeas petition is therefore time-barred. *See Hargrove*, 300 F.3d at 718 n.1.

Petitioner contends that he is entitled to equitable tolling based on ineffective assistance of appellate counsel due to his failure to file a direct appeal, and based on his failure to discover or identify the factual predicate of his claim in a timely manner. To determine if equitable tolling applies, the factors set out in *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988), must be considered "unless there is congressional authority to the contrary." *Dunlap v. United States*, 250 F.3d 1001,

1009 (6th Cir. 2001). The *Andrews* factors are: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) [the] petitioner's reasonableness in remaining ignorant of the legal requirement for filing the claim. *Dunlap*, 250 F.3d at 1008; *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)) ("[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.").

The *Andrews* factors are not necessarily comprehensive and they are not all relevant in all cases. *Cook v. Stegall*, 295F.3d 517, 521 (6th Cir. 2002). Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis. *Id.*; *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002). Equitable tolling should be granted only "sparingly." *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005) ("Equitable tolling is permissible under the [AEDPA], although rare."). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

Petitioner contends that he is entitled to equitable tolling because attorney Paul Curtis, who Petitioner retained to file his direct appeal, did not file his direct appeal. The Sixth Circuit Court of Appeals has rejected attorney error as a justification for equitable tolling absent circumstances such as an attorney abandoning the client due to mental illness or due to the attorney leaving town. *Jurado v. Burt*, 337 F.3d 638, 644-45 (6th Cir. 2003); *Cantrell v. Knoxville Cmty. Dev. Corp.*, 60 F.3d 1177, 1180-81 (6th Cir. 1995); *Erwin v. Dep't. of Veteran Affairs*, 498 U.S. 89, 96 (1990) (finding that inducement by the attorney into allowing the petitioner to let a filing deadline pass

supports equitable tolling). More specifically, a habeas petitioner is not entitled to have the limitations period equitably tolled based on appellate counsel's failure to pursue an appeal in state court, where the petitioner offered no explanation for his own delays in pursuing habeas relief. *Winkfield v. Bagley*, 66 F. App'x 578, 583-84 (6th Cir. 2003). A petitioner is ultimately responsible for monitoring the status of his appeal. *Id.*

Here, Petitioner filed a grievance against attorney Curtis with the Michigan Attorney Grievance Commission, which resulted in the entry of a consent order of discipline. Curtis stipulated to pay $4,000 in restitution to Petitioner and to suspension of his license to practice law for thirty days. Petitioner explains that Curtis' conduct was the reason for the untimeliness of his habeas petition, thus entitling him to equitable tolling. Petitioner asserts that he was only made aware of the fact that a direct appeal was not filed in June 2000, which is approximately two years after the statutory period had run out on November 1, 1998. In April 2001, Petitioner retained National Legal Professional Associates for state post-conviction assistance. Subsequently, Petitioner's family retained attorney Robert Elsey to provide state post-conviction assistance in February 2003. Elsey was dismissed as their attorney in November 2003 because of his alleged inability to obtain the state court record and to provide the same to Petitioner for review.

Petitioner did not file his motion for relief from judgment with the trial court until approximately two years later on August 24, 2005. Although Petitioner argues that he was diligent in his attempts to obtain the state court record, and that the delay in this matter was due to his unsuccessful attempts, none of his efforts took place until well after the statute of limitations had expired. Petitioner admits that he received the court record in his case sometime in 2006, yet he was able to file his post conviction motion without the record in 2005. Based on the above, Petitioner

is not entitled to equitable tolling based upon his claim that Paul Curtis was ineffective as appellate counsel.

Petitioner also argues that he is entitled to equitable tolling because the statutory period should not have begun to run until August 24, 2005, when Petitioner filed his first motion for relief from judgment in state court. Petitioner argues that the filing of his post-conviction motion signifies the date on which he became aware of the factual predicate of his case. Petitioner's own representations belie this argument. He claims to have received the record, and discovered the factual predicate for his habeas claim in 2006, yet he was able to file his motion for relief from judgment in 2005. Therefore, Petitioner's argument does not support a finding of equitable tolling in this case.

Specifically addressing equitable tolling when an attorney has missed a deadline in a post-conviction context, the Supreme Court noted as follows:

> If credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline. Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the post-conviction context where prisoners have no constitutional right to counsel.
>
> . . .
>
> [A] State's effort to assist prisoners in post-conviction proceedings does not make the State accountable for a prisoner's delay. . . . It would be perverse indeed if providing prisoners with post-conviction counsel deprived States of the benefit of the AEDPA statute of limitations.

*Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (citations omitted). Petitioner's efforts to pursue post-conviction relief occurred several years after the statutory period expired. Petitioner has not demonstrated that extraordinary circumstances exist in this case to justify equitable tolling. Thus, the habeas petition will be denied and dismissed with prejudice.

The Court will also deny a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds, the petitioner must demonstrate that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002). For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because he has not demonstrated that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." The Court will also deny Petitioner leave to appeal in forma pauperis, because the appeal would be frivolous. *See* Fed. R. App. P. 24(a).

Accordingly, it is **ORDERED** that Petitioner's motion to stay proceedings [Dkt. # 3] is **DENIED.**

It is further **ORDERED** that Respondent's motion to dismiss [Dkt. # 5] is **GRANTED**.

It is further **ORDERED** that the habeas petition [Dkt. # 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that a certificate of appealability is **DENIED**, and that Petitioner is **DENIED** leave to proceed in forma pauperis on appeal.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: March 24, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 24, 2010.

s/Tracy A. Jacobs  
TRACY A. JACOBS